UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
UMS SOLUTIONS d/b/a UNIVERSAL :
IMAGING, :
:
                             Petitioner, :      17-CV-3119 (VSB)
:
          - against - :      **OPINION & ORDER**
:
BRAD CORNELL, :
:
                            Respondent. :
:
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/2021

Appearances:

Steven Thomas Sledzik
Morrison Law Firm, P.C.
White Plains, New York
*Counsel for Petitioner*

Steven Augustine Andreacchi
Biedermann Hoenig Semprevivo, PC
New York, New York
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of Respondent Bradley Cornell ("Cornell") seeking relief from the judgment entered in this action pursuant to my April 11, 2019 order. (Doc. 24.) Because Respondent fails to identify controlling decisions or data that was overlooked, Cornell's motion is DENIED.

### I.    **Background**[1]

      Petitioner UMS Solutions ("UMS") brought this action to confirm an arbitration award

---

[1] I assume the parties' familiarity with the background of this action.

entered against Cornell on April 21, 2017.  (Doc. 1 ¶ 17.)  Cornell, a citizen and resident of Canada, received timely notice of the arbitration when it was commenced.  (*Id.* ¶ 12; Doc. 30 ("Cornell Aff.") ¶ 36.)  Cornell, however, did not appear in the arbitration to contest the award.  Ultimately, when Cornell received notice of the arbitration award entered against him, he sought the advice of an attorney, who convinced him not to challenge the award in the United States, but instead to challenge it if UMS ever sought to enforce it against him in Canada.  (Cornell Aff. ¶¶ 38–42.)

UMS commenced this action on April 27, 2017 by filing its petition.  (Doc. 1.)  Cornell was personally served in accordance with The Hague Convention.  (Doc. 2.)  Cornell never appeared, and on October 5, 2017, I issued an order to show cause as to why default judgment should not be issued against Cornell.  (Doc. 8.)  Subsequently, on February 26, 2018, I issued an order referring this action to Magistrate Judge Henry B. Pitman for a report and recommendation on UMS' unopposed petition.  (Doc. 15.)  On March 2, 2018, UMS filed a letter requesting that Magistrate Judge Pitman treat its previous filings in support of a default judgment as a motion for summary judgment—consistent with case law—in support of confirming the unopposed petition.  (Doc. 16 ("March 2018 Letter").)  In the same letter, UMS sought Magistrate Judge Pitman's permission that future service be made on Cornell "by mail only" in line with Federal Rule of Civil Procedure 5(b)(1)(C), on the grounds that service pursuant to The Hague Convention would result in lengthy delays and was unnecessary following the personal service Cornell had already received.[2]  (*Id.* at 2.)  Cornell timely received the March 2018 Letter[3] but,

---

[2] Cornell never argues that service by mail was legally improper.

[3] The March 2018 Letter indicates that counsel for UMS sent a copy of the letter by email and international courier service.  Cornell acknowledges his timely receipt of the March 2018 Letter.  (Cornell Aff. ¶ 43) ("On or about March 2, 2018, I received a letter from UMS's legal counsel requesting that the Court permit papers in connection with this court action to be served by mail rather than in accordance with the Hague Convention.").

2

again relying on his counsel, chose not to contest this change in the method of service. (Cornell Aff. ¶ 43.) Cornell also chose not to appear in the case to participate in the proceedings before Magistrate Judge Pitman. (*See id.* ¶ 44.)

On March 9, 2018, Judge Pitman confirmed that he would treat the motion as one for summary judgment and that Cornell would have until April 9, 2018 to file any opposition. (Doc. 17 ("March 2018 Order").) Judge Pitman caused this order to be mailed to Cornell. (*Id.*) Again, Cornell never appeared or requested additional time to respond to the motion.

Judge Pitman issued his Report and Recommendation on November 6, 2018. (Doc. 22.) Ultimately, on April 11, 2019, I issued an order adopting the Report and Recommendation to confirm the arbitration award. (Doc. 24.) The Clerk of Court entered a judgment on April 12, 2019. (Doc. 25.)

On September 23, 2019, Cornell appeared for the first time and filed his motion to set aside the judgment, which he appears to have inadvertently filed twice. (*Compare* Docs. 29–31, *with* Docs. 32–34.) UMS filed papers in opposition (Docs. 36–37), and Cornell filed a reply brief, (Doc. 40.)

**II.   Discussion**

As an initial matter, Federal Rule of Civil Procedure 60 governs the motion before me. The Second Circuit has taken the "view that Rule 60(b) applies to judgments entered . . . on domestic arbitral awards." *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 185 (2d Cir. 2017). Although UMS argues that Cornell has not met the "standard for vacating arbitration awards under the FAA," (Doc. 37 at 10), that is not what Cornell seeks to do. Rather, he seeks that I "set aside the April 12, 2019 judgment and permit him [the] opportunity" to submit briefing in opposition to what was previously treated as UMS'

motion to confirm the arbitration award. (Doc. 40 at 2; *see also* Doc. 17). Cornell argues that I can apply Federal Rule of Civil Procedure Rule 55(c) to vacate the judgment, (Doc. 31); however, he is mistaken. Rule 55(c) states that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." A default judgment was not entered against Cornell; instead, the judgment confirmed the arbitration award in favor of UMS. (Doc. 25.) Rule 55(c)'s plain text renders it inapplicable. Cornell apparently concedes this, since he did not press Rule 55(c)'s applicability in his reply brief. (*See* Doc. 40.) Therefore, I will apply Rule 60(b) to this matter.

"Rule 60(b) provides 'extraordinary judicial relief' and can be granted 'only upon a showing of exceptional circumstances.'" *Kubicek v. Westchester Cty.*, No. 08 Civ. 372(ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). This necessarily means that the standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Nor is a motion for reconsideration a time to "advance new facts, issues or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks omitted).

Cornell argues that "under Rule 60(b)(1)," (Doc. 31 at 7), because service of the March 2018 Order was only effected by mail, he did not receive it in time to file any papers in

opposition, (*id.* at 11). Cornell is wrong; he timely received the March 2018 Letter and thus was apprised that future service would only be made on him by mail. (Cornell Aff. ¶ 43.) Cornell further affirms that he chose not to do anything about the March 2018 Letter because, on the "advice of [a] Canadian attorney," he determined that "enforcement of an American arbitration award or judgment in Canada was unlikely and the proper time to challenge UMS's claims was if and when an effort to enforce in Canada was made." (*Id.*) In other words, Cornell relied on his counsel's advice and made a conscious decision not to oppose UMS' request that future service be made by mail, or indeed even to appear in this action at all. "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer*, 793 F.2d at 62.[4]

Indeed, Cornell repeatedly affirms that, despite having received timely notice of both the arbitration and this action, he made the conscious choice not to appear or to respond to the filings he received. He made this choice based upon "advice of an established, well regarded Canadian attorney." (Cornell Aff. ¶¶ 36–40.) "[N]either poor strategy on the part of an attorney, nor disagreement with the strategic decisions of an attorney, are appropriate grounds for relief" on a Rule 60(b) motion. *Phelps v. Kapnolas*, No. 94-CV-7543-CJS, 2005 WL 2136917, at *2 (W.D.N.Y. Sept. 2, 2005); *see also DeJesus v. Rudolph*, 19-CV-4480 (VSB), 2021 WL 2206485, at *2 (S.D.N.Y. June 1, 2021).

Cornell also argues—in his reply brief for the first time—that I should set aside the

---

[4] Moreover, Cornell does not attempt to argue that there was any error in Judge Pitman's directing service on him by mail, nor could Cornell successfully argue this. "[T]he Hague Convention only applies to service of process on foreign defendants, and thus excludes service of judicial documents other than the summons and complaint." *In re Advance Watch Co., Ltd.*, 587 B.R. 598, 605 (Bankr. S.D.N.Y. 2018) (citing *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1509 (2017)).

judgment under Rule 60(b)(6) due to the "gross negligence by [Cornell's] attorney." (Doc. 40 at 4.) This argument has no merit. First, "[a]rguments raised for the first time in reply briefs are waived." *RL 900 Park LLC v. Ender*, 18 Civ. 12121 (AT), 2020 WL 70920, at *4 (S.D.N.Y. Jan. 3, 2020) (internal quotation marks omitted) (collecting cases). Second, Cornell has not shown gross attorney negligence warranting relief under Rule 60(b)(6). *See, e.g.*, *United States v. Cirami*, 535 F.2d 736, 741–42 (2d Cir. 1976) (declining relief from order dismissing case due to counsel's neglect where there was no "unusual circumstance of attorney disappearance," and no allegation of any attempt by plaintiff "to provide the court below with any explanation for his failure to oppose [a] motion for summary judgment"). Rather, Cornell repeatedly affirms that he regularly conferred with his attorney and acted pursuant to that advice. (Cornell Aff. ¶¶ 36–40.) Cornell does not provide a declaration from this attorney, nor does Cornell explain how the attorney was negligent. Cornell's dissatisfaction with his knowing reliance on his attorney's advice, which is all he argues before me, is not enough to succeed on this motion.

### III. <u>Conclusion</u>

For the foregoing reasons, Cornell's motion for relief from judgment is DENIED. The Clerk of Court is respectfully directed to terminate the open motions on the docket.

SO ORDERED.

Dated: August 24, 2021
      New York, New York

                                           Vernon S. Broderick
                                           United States District Judge